## IN THE MATTER OF THE ELECTION OF DIRECTORS OF THE JERSEY CITY PAPER COMPANY.

Submitted June 15, 1903—Decided June 24, 1903.

In a summary proceeding brought under section 42 of the Corporation act (*Pamph. L.* 1896, *p.* 291), to review an election of directors of the corporation, the petitioners contended that the directors in office at the time of the election had rendered themselves ineligible to re-election by neglect or refusal to produce the stockholders' books, as required by section 33 of the Corporation act, and it appeared that defendants did not understand that the production of the books was insisted upon until after the election was over.  *Held,* that justice can only be done by ordering a new election.

On application to set aside an election.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the application, *Gilbert Collins.*

For the defendant, *Charles D. Thompson.*

PER CURIAM.

This is a summary proceeding brought under the forty-second section of the Corporation act (*Pamph. L.* 1896, *p.* 291) to review a corporate election at which the then existing directors were declared to be re-elected.

The contention of the petitioners is that the directors in office at the time the election was held rendered themselves ineligible to re-election by their neglect or refusal to produce the books containing the names of the stockholders, as required by the thirty-third section of the act.

The claim of the petitioners is that prior to the election they required such production, and that they at no time waived their right in this respect, while the defendants insist that such demand, if made at all, was made after the election was over, and that the conduct of the petitioners amounted to a waiver of the production of the books. Each contention is supported by the oaths of the parties interested.

The testimony, which is thus diametrically variant upon the precise point at issue, can be reconciled only by the conclusion that the petitioners did require the production of the books, but that the defendants did not understand that the production of the books was insisted upon until after the election had been held. Reaching this conclusion, we think that the election of the defendants cannot stand, because of their personal ineligibility. It would, however, be manifestly unfair to the voting stockholders to declare that the petitioners had been elected. Justice can be done only by ordering that a new election be held. This is the order of the court.